FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 27, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WALBRIDGE ALDINGER LLC, a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL VANFOSSEN, an individual,<br><br>Defendant. | No. 4:18-CV-05141-SMJ<br><br>**ORDER DENYING MOTION TO DISMISS** |

Before the Court, with oral argument, is Defendant Michael Vanfossen's Motion to Dismiss Claim Brought Under CFAA and Tortious Interference Claim, ECF No. 18. Plaintiff Walbridge Aldinger LLC ("Walbridge") thereafter filed its First Amended Complaint. ECF No. 23.

An amended complaint supersedes the original complaint in its entirety, *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990), which renders a motion to dismiss moot, *Williamson v. Sacramento Mortg., Inc.*, No. CIV. S-10-2600 KJM, 2011 WL 4591098, at *1 (E.D. Cal. Sept. 30, 2011). "However, when the amended complaint is substantially identical to the original complaint, an amended complaint will not moot the pending motion to dismiss."

ORDER DENYING MOTION TO DISMISS - 1

*Oliver v. Alcoa, Inc.*, No. C16-0741JLR, 2016 WL 4734310, at *2 n.3 (W.D. Wash. Sept. 12, 2016).

Here, Vanfossen agrees that his motion became moot as to the Computer Fraud and Abuse Act claim because it was removed in its entirety. ECF No. 28. And the remaining claim for tortious interference is identical in both the original and amended complaints. As such, the Court entertains the motion.[1] Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies the motion.

## BACKGROUND

Walbridge is a full-service construction company. ECF No. 23 at 3. On or about March 26, 2018, Microsoft Corporation ("Microsoft") awarded the construction of a multi-million dollar project (the "Project") to Walbridge as the preferred contractor during the first stage of a two-stage tendering method of procurement. *Id.* As part of the bidding process, Walbridge executed a nondisclosure agreement with Microsoft. *Id.*

Walbridge then hired Vanfossen as a senior project manager to oversee the Project. *Id.* Vanfossen's employment lasted from May 8, 2018 to July 8, 2018, when Vanfossen abruptly resigned and accepted employment elsewhere. *Id.*

---

[1] As the Court finds that oral argument is not warranted under Local Civil Rule 7(i)(3)(B)(iii), the Court considered the motion without oral argument on the date signed below.

ORDER DENYING MOTION TO DISMISS **-** 2

During his employment, Vanfossen was aware of the nondisclosure agreement that Walbridge had signed and was repeatedly reminded of the confidential nature of the information concerning the Project. *Id.* at 4.

In the weeks leading up to his resignation, Vanfossen forwarded at least forty-one emails to his personal Gmail account; the emails contained, *inter alia*, Walbridge's customized reports and documents, construction design schematics, and operating procedures. *Id.* at 4–8. Vanfossen also emailed to his personal Gmail account confidential and proprietary documents belonging to Microsoft, such as draft contracts and PowerPoint presentations containing detailed proprietary designs and engineering drawings. *Id.* at 8.

Walbridge brought the instant action on August 23, 2018. ECF No. 1. It filed an amended complaint on October 5, 2018 alleging four claims: (1) misappropriation of trade secrets under the Defend Trade Secrets Act, (2) misappropriation of trade secrets under Washington law, (3) replevin, and (4) tortious interference under Washington law. ECF No. 23.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." "Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In deciding a Rule 12(b)(6) motion, the Court construes the complaint in the light most favorable to the plaintiff and draws all reasonable inferences in the plaintiff's favor. *Ass'n for L.A. Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011). The Court accepts as true all factual allegations contained in the complaint. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

At issue in this partial motion to dismiss is Walbridge's fourth claim for tortious interference under Washington common law. Walbridge alleges it had a valid contractual relationship with Microsoft in the form of a nondisclosure

agreement. ECF No. 23 at 15. It further alleges that Vanfossen was aware of this contractual relationship and that as a result of Vanfossen's theft of Microsoft's confidential and proprietary information, Walbridge suffered and will continue to suffer harm and damages. *Id.* Vanfossen moves to dismiss this claim, contending that it is preempted by Washington's Uniform Trade Secrets Act ("UTSA") because "it is premised on Vanfossen's alleged misappropriation of trade secrets." ECF No. 18 at 4.

"The UTSA prohibits misappropriation of trade secrets." *Thola v. Henschell*, 164 P.3d 524, 527 (Wash. Ct. App. 2007). It "displaces conflicting tort, restitutionary, and other [Washington] law . . . pertaining to civil liability for misappropriation of a trade secret" but does not affect "[c]ontractual or other civil liability or relief that is not based upon misappropriation of a trade secret." Wash. Rev. Code §§ 19.108.900(1) & (2)(a). In short, it codifies and preempts "the basic principles of common law trade secret protection." *SEIU Healthcare Nw. Training P'ship v. Evergreen Freedom Found.*, 427 P.3d 688, 692 (Wash. Ct. App. 2018).

As the Washington Supreme Court has not outlined the framework that applies in analyzing the UTSA's preemption of claims, the Court must predict how the state's highest court would decide based on applicable law. *See Glendale Assocs., Ltd. v. N.L.R.B.*, 347 F.3d 1145, 1154 (9th Cir. 2003). Some courts look to whether the underlying facts of the claim are the same as for the trade secrets

ORDER DENYING MOTION TO DISMISS - 5

claim: they "(1) assess the facts that support the plaintiff's civil claim; (2) ask whether those facts are the same as those that support the plaintiff's UTSA claim; and (3) hold that the UTSA preempts liability on the civil claim unless the common law claim is factually independent from the UTSA claim." *Thola*, 164 P.3d at 530. This ensures that there cannot be duplicate recovery for a single wrong of trade secret misappropriation. *See id.*

Other courts look to whether the elements of the claim require some allegation or factual showing beyond those required for the trade secrets claim. *See, e.g.*, *LaFrance Corp. v. Werttemberger*, No. C07-1932Z, 2008 WL 5068653, at *2 (W.D. Wash. Nov. 24, 2008); *SEIU Healthcare*, 427 P.3d at 694 (noting that *Boeing Co. v. Sierracin Corp.*, 738 P.2d 665 (Wash. 1987), controls in using an elements-based analysis).

Based on the applicable law and the procedural posture of the case, the Court concludes that the Washington Supreme Court would probably apply the elements-based analysis at this stage. Here, the tortious interference claim requires proof of the existence of a valid contractual relationship or business expectancy, which is not an element of a trade secrets claim.[2] *See T-Mobile USA, Inc. v.*

---

[2] A claim for tortious interference with a business expectancy requires five elements: (1) the existence of a valid contractual relationship or business expectancy, (2) that defendants had knowledge of that relationship, (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy, (4) that defendants interfered for an improper purpose

*Huawei Device USA, Inc.*, 115 F. Supp. 3d 1184, 1199 (W.D. Wash. 2015). Consequently, Walbridge's claim survives pleading standards under the elements-based test.

After the parties engage in factual discovery, more information will be available to apply *Thola*'s factual preemption test. It is simply unclear at the motion-to-dismiss stage whether Vanfossen did more than acquire and disclose confidential information, i.e., whether he used Microsoft's confidential information in a certain way or engaged in other acts such as direct solicitation. *See Thola*, 164 P.3d at 530 (noting that the defendant's actual solicitation of the plaintiff's clients made the tortious interference claim factually independent); *accord Fidelitad, Inc. v. Insitu, Inc.*, No. 13-CV-3128-TOR, 2014 WL 5421214, at *4 (E.D. Wash. Oct. 24, 2014) ("It is premature to dismiss Plaintiff's tortious interference claim. A conclusion of whether a claim is preempted by the []UTSA is generally reserved for later in litigation because it requires a factual analysis and facts are poorly developed at the pleading stage.").

Accordingly, **IT IS HEREBY ORDERED**:

> Defendant's Motion to Dismiss Claim Brought Under CFAA and Tortious Interference Claim, **ECF No. 18**, is **DENIED**.

---

or used improper means, and (5) resultant damage. *Leingang v. Pierce Cty. Med. Bur., Inc.*, 930 P.2d 288 (Wash. 1997).

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 27th day of November 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING MOTION TO DISMISS **-** 8